**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Joseph Patterson, III, Appellant.

Appellate Case No. 2023-001474

Appeal From Lexington County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2026-UP-379
Submitted July 1, 2026 – Filed July 22, 2026

**AFFIRMED**

Appellate Defender Molly M. Keegan, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Deputy Attorney General Mark R. Farthing, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** James Joseph Patterson, III, appeals his convictions for murder and possession of a weapon during the commission of a violent crime and aggregate sentence of thirty years' imprisonment. On appeal, Patterson argues the circuit court abused its discretion when it failed to conduct an on-the-record analysis of the *State v. Colf*[1] factors under Rule 609(a)(1) and Rule 403 of the South Carolina Rules of Evidence regarding impeachment of his witness with four prior convictions. We affirm pursuant to Rule 220(b), SCACR.

Although the circuit court did not make specific findings on the record for all of the *Colf* factors, we hold there were sufficient facts and circumstances in the record to support the circuit court's determination. *See State v. Elmore*, 368 S.C. 230, 238-39, 628 S.E.2d 271, 275 (Ct. App. 2006) ("The current state of the law does not mandate the [circuit] court make an on-the-record specific finding 'as long as the record reveals that the [circuit court] did engage in a meaningful balancing of the probative value and the prejudicial effect before admitting a . . . prior conviction under [Rule] 609(a)(1).'" (quoting *State v. Scriven*, 339 S.C. 333, 341, 529 S.E.2d 71, 75 (Ct. App. 2000))); *State v. Brewton*, 442 S.C. 169, 182, 898 S.E.2d 132, 138 (2024) ("We noted in *Colf* that the [circuit] court must evaluate the *Colf* factors on its own and that a remand to the [circuit] court for that undertaking will be necessary 'when the record does not contain the specific facts and circumstances necessary to a decision.'" (quoting *Colf*, 337 S.C. at 629, 525 S.E.2d at 249 (emphasis removed))); *id.* at 182, 898 S.E.2d at 138 (finding that the circuit court did not abuse its discretion when it only evaluated two of the *Colf* factors because "[t]he evidence in the record support[ed] the [circuit] court's determination that the probative value of the remote strong-arm robbery conviction substantially outweighed the prejudicial effect to [the defendant]").

We hold that the circuit court did not abuse its discretion in admitting prior convictions of strong arm robbery, failure to stop for a blue light, and two drug offenses to impeach a witness because they were probative of his credibility, they revealed a pattern of behavior that called his credibility into question, the identity of the shooter relied entirely upon witness credibility, and their probative value was not substantially outweighed by the danger of unfair prejudice. *See State v. Dunlap*, 346 S.C. 312, 324, 550 S.E.2d 889, 896 (Ct. App. 2001) ("The admission of evidence concerning past convictions for impeachment purposes remains within the [circuit court's] discretion, provided the [circuit court] conducts the analysis mandated by the evidence rules and case law."); Rule 609(a)(1), SCRE (allowing the credibility of a witness to be attacked by evidence that the witness has been

---

[1] 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000).

convicted of a crime punishable by "imprisonment in excess of one year" subject to a Rule 403 analysis); Rule 403, SCRE (providing that relevant evidence may be excluded from trial "if its probative value is substantially outweighed by the danger of unfair prejudice"); *Colf*, 337 S.C. at 627, 525 S.E.2d at 248 (providing that when weighing the probative value of prior convictions against the danger for unfair prejudice to the accused under Rule 609, the circuit court should consider: (1) the "impeachment value" of the prior conviction, (2) the timing of the prior conviction, (3) the "similarity between the past crime and the charged crime," (4) the importance of the defendant's testimony, and (5) whether credibility is a central issue in the case); *State v. Robinson*, 426 S.C. 579, 595, 828 S.E.2d 203, 211 (2019) ("[U]nder Rule 609(a)(1), if the witness is the accused and has a prior conviction of a crime punishable by death or imprisonment for more than one year, the [circuit] court must balance the *Colf* factors and determine whether the probative value of the conviction outweighs its prejudicial effect to the accused."); *State v. Black*, 400 S.C. 10, 21, 732 S.E.2d 880, 886 (2012) ("The starting point in the analysis is the degree to which the prior convictions have probative value, meaning the tendency to prove the issue at hand—the witness's propensity for truthfulness, or credibility."); *id.* at 21-22, 732 S.E.2d at 887 ("The tendency to impact credibility . . . determines the impeachment value of the prior conviction. Impeachment value refers to how strongly the nature of the conviction bears on the veracity, or credibility, of the witness."); *Robinson*, 426 S.C. at 599, 828 S.E.2d at 213 ("Although prior convictions for robbery, burglary, theft, and drug possession are not crimes of dishonesty or false statement, which would result in automatic admissibility under Rule 609(a)(2), such convictions may still have impeachment value under Rule 609(a)(1)."); *id.* at 599-600, 828 S.E.2d at 214 ("It was within the [circuit] court's discretion to conclude that because [the defendant] has prior convictions for such offenses, he legitimately might not be considered credible."); *Black*, 400 S.C. at 17 n.4, 732 S.E.2d at 884 n.4 ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one." (quoting *State v. Wilson*, 345 S.C. 1, 7, 545 S.E.2d 827, 830 (2001))); *Robinson*, 426 S.C. at 600, 828 S.E.2d at 214 (finding that the "closeness in time between the prior offenses and the offense for which [the defendant] was on trial[] reveal[ed] a pattern of behavior that legitimately evoked questions of [the defendant's] credibility."); *id.* at 603-04, 828 S.E.2d at 216 (finding the trial court acted within its discretion in evaluating the fourth *Colf* factor because "[w]ith or without [the defendant's] testimony, the jury had to resolve the issue of [the witness's] credibility, since [the witness's] testimony was the only direct evidence of [the defendant's] guilt"); *id.* at 606, 828 S.E.2d at 217 ("[W]hen credibility is central to a case, the introduction of prior convictions for impeachment purposes becomes even more legitimate.").

Further, we hold Patterson's argument that the "sanitization" of the witness's prior convictions was just as, if not more, prejudicial is not preserved for review because he did not object to the "sanitization" at trial. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal . . . ."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))).

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.